JUDGE PETERS
delivered the opinion of the court.
Appellant applied to the Trimble County Court for license to keep a tavern in said county, with the privilege of retailing *7 intoxicating liquors. The court below refused to grant the privilege, and appellant complains of that ruling of the court.
By the first section of an act approved January 23, 1867, entitled “An act to amend chapter 99, Revised Statutes, title ‘Taverns, Tippling-houses, etc.’” (1 Session Acts, p. 10), it is provided that the privilege to sell spirituous, malt, fermented, or other intoxicating liquors shall not be implied or embraced in any license to keep a tavern, coffee-house, boarding-house, restaurant, or other place of entertainment, licensed by any county court or board of trustees within the state, unless the judge of the court or board of trustees shall deem it expedient to grant such privilege, and shall specify the same in the license.
The power to grant the privilege to retail intoxicating liquors must be exercised, according to the language and spirit of the statute, with discretion, and the tribunal authorized to grant the privilege is to do so when it deems it expedient, proper, or beneficial to the community or the traveling portion of it to do so; and when the tribunal to whom the legislature has confided the power acts in the matter this court will not interfere, unless there is a palpable abuse of discretion or a manifest disregard of expediency, neither of which exists in this case.
Wherefore the judgment is affirmed.